UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA J. ANGEL, </br></br> Plaintiff, </br></br> v. </br></br> FEDERAL HOME LOAN MORTGAGE CORPORATION, et al., </br></br> Defendants. | Case No. 1:18-cv-01142 |

## MEMORANDUM OPINION

Joshua J. Angel, a holder of preferred stock in both the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac," and together with Fannie Mae, the "Companies"), brings the present action as a *pro se* litigant. Mr. Angel asserts causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference against the Companies and their respective individual directors as of August 17, 2012, along with the Federal Housing Finance Agency ("FHFA"), as a nominal defendant.[1] *See generally* Compl., ECF No. 1. All defendants moved jointly to dismiss the Complaint in its entirety. Mot. Dismiss, ECF No. 11. Because Mr. Angel's claims are time-barred, their motion will be **GRANTED**. Additionally, in evaluating defendants' motion, the Court considered Mr. Angel's arguments in his proposed surreply attached to his Motion for Leave to File Surreply Brief. Pl.'s Proposed Surreply, ECF No. 21-1. Accordingly,

---

[1] The claim for tortious interference was originally styled in the complaint as a claim for "Aiding and Abetting in Federal Government's Implicit Guaranty Evasion and Payment Avoidance." *See* Compl. ¶¶ 123–25, ECF No. 1. But in his opposition, Mr. Angel repeatedly refers to this claim as one for tortious interference. *See, e.g.*, Opp. Mot. Dismiss 16, ECF No. 17. Because a "document filed *pro se* is to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will treat the claim as such.

1

that motion [ECF No. 21] will be **GRANTED**, and the Court directs the Clerk to place the proposed surreply on the docket.

I.   BACKGROUND

Not much in the way of background is required to resolve the present motion.[2] During the Great Recession of 2008, Congress passed the Housing and Economic Recovery Act of 2008 ("HERA"), creating the FHFA as regulator of the Companies. Compl. ¶ 36, ECF No. 1. Pursuant to the authority given under HERA, Fannie Mae and Freddie Mac were placed into conservatorship with the FHFA taking over control of the Companies as conservator. *Id.*

This case is one in a multitude of actions brought by shareholders of the Companies seeking recovery for damages incurred in connection with an agreement between the FHFA, as conservator for the Companies, and the Treasury Department on August 17, 2012. *Id.* ¶ 1; *see also Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*, No. 1:13-cv-1053 (RCL); *Arrowood Indem. Co.*, No. 1:13-cv-1439 (RCL); *In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigs.*, No. 1:13-mc-1288 (D.D.C. Feb. 1, 2018). Pursuant to that agreement—the third amendment of the September 6, 2008 senior preferred stock purchase agreement (the "Third Amendment")—each company would pay Treasury a quarterly dividend equal to 100% of each company's net worth that exceeded a capital buffer of $3 billion, with that buffer decreasing annually down to zero by 2018. *Id.* ¶¶ 62–64.

On May 21, 2018, over five and a half years after the Companies entered into the Third Amendment, Mr. Angel filed suit before this Court. In Count I of the Complaint, Mr. Angel claims that by entering into the Third Amendment, "the Defendants breached the Companies[']

---

[2] For further background, see this Court's opinion in a related case—*Fairholme Funds, Inc. v. Fed. Hous. Agency*, No. 1:13-cv-1053 (RCL), 2018 WL 4680197, at *1–4 (D.D.C. Sept. 28, 2018).

obligations to Plaintiff to receive dividends on his Junior Preferred shares." *Id.* ¶ 108. In Count II, Mr. Angel claims that by entering into the Third Amendment "and operating in compliance with its terms[,] the Defendants effectively deprived Plaintiff of any possibility of ever again receiving dividends, and thus breached the implied covenant of good faith and fair dealing inherent in the Certificates of Designation for the Fannie Mae [] and Freddie Mac Junior Preferred stock." *Id.* ¶ 120. Lastly, Mr. Angel asserts tortious interference by defendants with the "Government Guarantee" of "full and timely payment of declared dividends to Junior Preferred Shareholders." Opp. Mot. Dismiss 32, ECF No. 17.

Defendants move to dismiss the Complaint in its entirety because, *inter alia*, Mr. Angel's claims are time-barred. Memo. Supp. Mot. Dismiss 10–12, ECF 11-1. In Mr. Angel's surreply, he concedes his cause of action for tortious interference and "seeks to dismiss this claim." Pl.'s Proposed Surreply 8, ECF No. 21-1. The Court obliges. That claim will be dismissed, and the Court considers only the claims for breach of contract and breach of the implied covenant.

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Defendants may raise a statute of limitations defense in a motion to dismiss "when the facts that give rise to the defense are clear from the face of the complaint." *See Smith–Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998).

## III. DISCUSSION

### A. Mr. Angel failed to file this suit within the limitations period.

3

Mr. Angel asserts only state law causes of action—breach of contract and breach of the implied covenant. Although chartered under federal law, the Companies enacted bylaws in which they each elected to follow a chosen state's law. *Fairholme Funds*, 2018 WL 4680197, at *2. Freddie Mac chose Virginia law, while Fannie Mae selected the law of the State of Delaware. *Id.* Accordingly, Mr. Angel alleges his causes of action against Freddie Mac and its directors under Virginia Law and his causes of action against Fannie Mae and its directors under Delaware law. *See* Compl. ¶¶ 101, 116, ECF No. 1. And it is those states' respective statutes of limitations that apply. *See Byers v. Burleson*, 713 F.2d 856, 859 n.4.

In Virginia, the statute of limitations for breach of a contract "which is in writing and signed by the party to be charged thereby" is five years.[3] Va. Code § 8.01–246(2). For claims for breach of the implied covenant, a three-year statute of limitations applies. *Corinthian Mortg. Corp. v. ChoicePoint Precision Mktg.*, No. 1:07-cv-832 (JCC), 2008 WL 2776991, *3 (E.D. Va. July 14, 2008); *see also Harbour Gate Owners' Ass'n, Inc. v. Berg*, 348 S.E.2d 252, 257 (Va. 1986) (holding that the three-year limitation of Va. Code § 8.01–246(4) applies to unwritten terms in contracts).

In Delaware, a three-year statute of limitations applies both to claims for breach of contract and claims for breach of the implied covenant. 10 Del. Code § 8106; *Fike v. Ruger*, 754 A.3d 254, 260 (Del. Ch. 1999) (breach of contract); *Connelly v. State Farm Mut. Auto. Ins. Co.*, 135 A.3d 1271, 1275 (Del. 2016) (implied covenant).

---

[3] There is some dispute over whether the contracts here—Mr. Angel's certificates of designation—are signed, written contracts. For the purpose of this order, the Court takes Mr. Angel's representations that the contracts are in fact written and signed as true. *See* Opp. Mot. Dismiss 21 n.19, ECF No. 17.

In both Delaware and Virginia, the statute of limitations for contract claims begins to run from the date of the alleged breach. Va. Code § 8.01–230; *Allstate Ins. Co. v. Spinelli*, 443 A.2d 1286, 1292 (Del. 1982).

Here, even under the most generous reading of Mr. Angel's complaint, the claims for breach of contract and breach of the implied covenant each accrued at the time of the enactment of the Third Amendment—over five years ago and outside the limitations period for any cause of action. For the breach of contract claim, Mr. Angels states the Third Amendment "triggered a dividend payment breach because it eliminated the Companies' ability to build capital, and in so doing effectively nullified, and eliminated the Board's exercise of its contractual dividend declaration functions."[4] Compl. ¶ 79, ECF No. 1. Regarding the implied covenant, Mr. Angel alleges that defendants "breached each Company's implied covenant of good faith and fair dealing" through their "near mindless adoption, ratification, and performance of the Third Amendment." *Id.* ¶ 81.

### B. Mr. Angel may not rely on an exception or other equitable doctrine to toll the statute of limitations.

Because the Third Amendment was enacted over five and a half years ago and outside each state's limitations periods for contract claims, the Court must grant defendants' motion, unless an exception applies, or the statute of limitations has been tolled.

*1. The doctrine of equitable estoppel does not toll the statute of limitations in this case.*

First, Mr. Angel argues that equitable estoppel tolled his limitations periods because he was "lulled into inaction by Defendants' assurances that they would honor their obligations." Opp.

---

[4] In Mr. Angel's opposition, he claimed that his breach of contract claim was actually a claim for anticipatory breach. Opp. Mot. Dismiss 17, 23, ECF No. 17. Mr. Angel has abandoned that position stating that the "anticipatory breach caused by the Third Amendment" is moot and clarifying that he seeks relief for "an actual breach" that "has occurred, and continues to occur". *See* Pl.'s Proposed Surreply 3, ECF No. 21-1.

Mot. Dismiss 7, ECF No. 17. But this doctrine is not available to Mr. Angel under either Virginia or Delaware law. In Virginia, equitable tolling applies in a narrow set of circumstances where a defendant engages in fraud to conceal a plaintiff's injury or to induce the plaintiff to refrain from filing suit. *Boykins Narrow Fabrics Corp. v. Weldon Roofing and Sheet Metal, Inc.*, 266 S.E.2d 887, 890 (Va. 1980). Delaware's version is slightly broader, encompassing situations absent fraud but applying only "where the facts underlying a claim are so hidden that a reasonable plaintiff could not timely discover them." *Weiss v. Swanson*, 948 A.2d 433, 451 (Del. Ch. 2008) (citation omitted).

Here, the Third Amendment was public the day it was announced. It is the details of the Third Amendment that form the basis of Mr. Angel's claims to relief. The intricacies of the transaction were not hidden. And while plaintiff claims to have been "lulled into inaction" by defendants' assurances, the Court finds no facts supporting this conclusory statement anywhere in the complaint. Plaintiff "has the burden of pleading facts that would support a finding of equitable estoppel." *Neal v. Stryker Corp.*, No. 1:11-cv-62(AJT/TRJ), 2011 WL 841509, at *3 (E.D. Va. Mar. 8, 2011); *see also In re Dean Witter P'ship Litig.*, No. Civ. A. 14816, 1998 WL 442456, at *6 (Del. Ch. July 17, 1998) ("[P]laintiffs bear the burden of pleading specific facts to demonstrate that the statute of limitations was, in fact, tolled."). He has fallen well short of that burden here and may not rely on equitable estoppel to toll the statute of limitations.

### 2. *The continuing violation doctrine does not apply.*

Next, Mr. Angel argues that the continuing violation doctrine extends the limitations period. Opp. Mot. Dismiss 27, ECF No. 17. Specifically, Mr. Angel claims that defendants continue to breach the contracts and implied covenant each quarter they fail to declare a dividend

and that "[w]here the wrongdoing is ongoing and continuous the statute of limitations has not yet expired." *Id.*

In cases where the effects of an alleged breach spans an extended period of time, Virginia "courts have distinguished between acts that constitute a 'single contin[uous] breach' and those that constitute a 'series of separate breaches.'" *Fluor Fed. Sols., LLC v. PAE Applied Techs,* 728 F. App'x 200, 202 (4th Cir. 2018) (quoting *Am. Physical Therapy Ass'n v. Fed'n of State Bds. Of Physical Therapy,* 628 S.E.2d 928, 929 (Va. 2006)). When "the wrongful act is of a permanent nature" and "produces all the damage which can ever result from it," that act is a single continuous breach and the statute of limitations begins to run at the time of the wrongful act. *Hampton Rds. Sanitation Dist. v. McDonnell,* 360 S.E.2d 841, 843 (Va. 1987) (internal citation and quotation marks omitted). "Conversely, when wrongful acts are not continuous but occur only at intervals, each occurrence inflicts a new injury and gives rise to a new and separate cause of action" with its own limitations period. *Id.* "Virginia law makes clear that 'the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date.'" *Fluor,* 728 Fed. App'x at 203 (quoting *Caudill v. Wise Rambler, Inc.,* 168 S.E.2d 257, 260 (Va. 1969)).

Here, the alleged original sin—the Third Amendment—produces all the damage that Mr. Angel claims. Unless further action is taken by the FHFA as conservator, 100% of the net worth of each company will flow to Treasury each quarter pursuant to the Third Amendment, "ma[king] it impossible for the holders of each Company's Junior Preferred to realize value from their contractual dividend entitlement rights." *See* Compl. ¶ 81. Mr. Angel's attempts to segment out the defendants' alleged conduct are unpersuasive. It is true that each quarter the Third Amendment operates to deprive Mr. Angel of the possibility of a dividend. But this is simply the continued ill effects of a single wrong. In an action for wrongful termination, the statute of limitations does not

7

reset at the end of each pay period that a plaintiff would have received a paycheck. The "statute is not postponed by the fact that the actual or substantial damages" continue to occur at the end of each successive quarter. *Caudill*, 168 S.E.2d at 260. Under Virginia law, this is a single continuous breach and Mr. Angel may not extend the limitations period with the continuing violation doctrine.

In Delaware, the analysis is simpler, and Mr. Angel does not fare any better. "[W]here suit can be brought immediately and complete and adequate relief is available, a cause of action cannot be tolled as a continuing violation." *Kerns v. Dukes*, No. Civ.A.1999-S, 2004 WL 766529, at *4 (Del. Ch. Apr. 2, 2004) (citing *Kahn v. Seaboard Corp.*, 625 A.2d 269, 271 (Del. Ch. 1993)). Here, Mr. Angel could have brought the suit the Companies and Treasury announced the deal. Alternatively, he could have waited nearly a full 12 quarters to better asses the impact of the Third Amendment. Under Delaware law, the continuing violation doctrine does not toll the statute of limitations in this case.

### 3. *Mr. Angel's membership in classes asserted in various pending class action cases does not toll the statute of limitations in this case.*

Lastly, Mr. Angel tries to save his claims from the statute of limitations through class action tolling. In support of this argument, Mr. Angel relies principally on *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). In *American Pipe*, the Supreme Court held that the filing of a class action "tolls the running of the statute of limitations for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *Id.* at 552–53. In *Crown, Cork & Seal v. Parker*, the Court clarified that this equitable tolling rule applied not only to purported members seeking to intervene, but also to members—like Mr. Angel—who would prefer to bring an individual suit. 462 U.S. 345, 349–51 (1983).

8

But here, Virginia and Delaware law provide the relevant limitations periods. And so state law, rather than federal law, determines whether a pending class action tolls the statute of limitations. *See Wade v. Danek Med., Inc.*, 182 F.3d 281, 289 (4th Cir. 1999) (holding that "in any case in which a state statute of limitations applies . . . the state's accompanying rule regarding equitable tolling should also apply"); *see also Carter v. Washington Metro. Area Transit Auth.*, 764 F.2d 854, 855 (D.C. Cir. 1985) ("Under the *Erie* doctrine . . . the relevant state law controls whether, in a statute-of-limitations case before a federal court on diversity jurisdiction, a pending [individual action] tolls the statute of limitations."). The Court must therefore look to Virginia and Delaware law to determine whether class action tolling saves any of Mr. Angel's claims.

In *Casey v. Merck & Co., Inc.*, the Virginia Supreme Court expressly rejected class action tolling. 722 S.E.2d 842, 846 (Va. 2012); *see also Flick v. Wyeth LLC*, No. 3:12-cv-00012, 2012 WL 4458181, at * 6 (W.D. Va. June 6, 2012); *Sanchez v. Lasership, Inc.*, No. 1:12-cv-246, 2012 WL 3730636, at *14–15 (E.D. Va. Aug. 27, 2012). Thus, Mr. Angel's claims against Freddie Mac and its directors are not tolled.

Delaware courts, on the other hand, have found *American Pipe* persuasive and recognized class action tolling. *See Dubroff v. Wren Holdings, LLC*, C.A. Nos. 3940-VCN, 6017-VCN, 2011 WL 5137175, at *13 (Del. Ch. Oct. 28, 2011); *Blanco v. AMVAC Chem. Corp.*, C.A. NO. N11C-07-149 JOH, 2012 WL 3194412, at *7 (Del. Super. Aug. 8, 2012). But even assuming the claims meet the requirements of *American Pipe* tolling,[5] Mr. Angel's action against Fannie Mae and its directors still was not filed within Delaware's three-year limitations period.

---

[5] The Court is skeptical that Mr. Angel qualifies for class action tolling based on his assertion that the other class actions, "though based on the same transactions, mostly assert different claims against mostly different defendants based on different theories." Opp. Mot. Dismiss 2, ECF No. 17. But the Court need not reach that issue.

Under *American Pipe*, "the *commencement of a class action* suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue." 414 U.S. at 554 (emphasis added). Mr. Angel claims to be a purported member of various asserted classes in the consolidated class action pending before this Court. *See In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litig.*, No. 1:13-mc-01288-RCL. The earliest of those class actions—*Liao v. Lew*, No. 13-cv-1094—was filed on July 16, 2013, eleven months after the enactment of the Third Amendment on August 17, 2012. If *American Pipe* applies, the statute of limitations would be suspended from that date.

"Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." *Crown, Cork & Seal*, 462 U.S. at 354. In other words, "once class certification is denied, the limitations clock *immediately* starts ticking again." *See Collins v. Village of Palantine, Illinois*, 875 F.3d 839, 845 (7th Cir. 2017) (collecting cases) (emphasis in original). Tolling does not continue through the pendency of reconsideration or through appeal, even if the decision is ultimately reversed. *See, e.g., Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 117 (2d Cir. 2013); *Stone Container Corp. v. U.S.*, 229 F.3d 1345, 1355 (Fed. Cir. 2000); *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1380–84 (11th Cir. 1998).

On September 30, 2014, this Court dismissed all the class action claims in the consolidated action and terminated the case. *Perry Capital LLC v. Lew*, 70 F. Supp. 3d 208 (D.D.C. 2014). Over twenty-eight months later, on February 21, 2017, the D.C. Circuit revived some of the class action claims. *Perry Capital LLC v. Mnuchin*, 864 F.3d 591 (D.C. Cir. 2017).

10

Although the Court did not deny class certification before dismissing the consolidated case, the Seventh Circuit—the only appeals court to address the issue—has held that the same rules apply to dismissals with prejudice. *See Collins*, 875 F.3d at 845 ("An uncertified class-action suit is decidedly not a class action once all class claims have been dismissed. The statute of limitations immediately resumes."); *see also In re Copper Antitrust Litig.*, 436 F.3d 782, 793 (7th Cir. 2006). In *Collins*, the panel followed the lead of Supreme Court in *American Pipe* and *Crown, Cork & Seal* and weighed judicial efficiency against the policy concerns underlying statutes of limitations. 875 F.3d at 846. Although acknowledging that "without tolling, individual class members would have to file suit in order to protect their claims from becoming time-barred," the panel ultimately found that "continuing to toll the limitations period beyond the dismissal of a noncertified class claim would encroach more severely on the interests underlying statutes of limitations, the purpose of which is 'to protect defendants against stale or unduly delayed claims.'" *Id.* (quoting *Credit Suisse Secs. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012).

The Court agrees, especially here. Mr. Angel's claims are primarily against defendants not party to the consolidated case—the directors of the Companies. Furthermore, he asserts that two of the three causes of action from his complaint are markedly different from those found in the consolidated case. Pl.'s Proposed Surreply 3, ECF No. 21-1 (arguing that his breach of contract claim "diverge[s] markedly in terms of defendants, theories of liability, and the relief sought"); Pl's Opp. 15, ECF 17 (stating that his claim for tortious interference was not asserted in the other class actions). Mr. Angel can hardly claim to have been taking the "wait and see" approach contemplated in *American Pipe* and *Crown, Cork & Seal*. Rather, Mr. Angel's argument for class action tolling appears more like an attempt to play a get-out-of-jail-free card allowing him to assert his unique, five-year-old claims against mostly separate defendants.

11

When the Court adds the initial eleven months between the Third Amendment and the filing of *Liao v. Lew*, plus the over twenty-eight months between the Court's dismissal and the Circuit's decision, Mr. Angel's complaint falls outside of the three-year (thirty-six month) statute of limitations for claims in Delaware. Thus, even if class action tolling applies, Mr. Angel's claims against Fannie Mae and its directors must be dismissed.

IV.   **CONCLUSION**

Mr. Angel filed the present action over five-and-a-half years after the enactment of the Third Amendment—the event on which he bases his claims for breach of contract and breach of the implied covenant. Because this is outside of the limitations periods under both Virginia and Delaware law, Mr. Angel's claims are time-barred. The Court will **GRANT** defendants' Motion to Dismiss. A separate order will issue.

DATE: 3/6/19

Royce C. Lamberth
United States District Judge