UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA J. ANGEL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL HOME LOAN MORTGAGE ) <br> CORPORATION et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Case No. 18-1142 |

## MEMORANDUM & ORDER

Pro se plaintiff Joshua Angel sued the Federal Home Loan Mortgage Corporation and the Federal National Mortgage Association (colloquially known as Freddie Mac and Fannie Mae, respectively), their individual directors, and the Federal Housing Finance Agency (FHFA) for state law claims stemming from FHFA's conservatorship over Freddie Mac and Fannie Mae under the Housing and Economic Recovery Act of 2008. In short: The 2008 financial crisis bled Freddie Mac and Fannie Mae of the capital necessary to ensure liquidity and stability in the United States housing market. So with both government-sponsored entities about to collapse, FHFA agreed to perpetually give the Treasury Department all of Freddie Mac and Fannie Mae's future profits in exchange for an immediate transfusion of billions of taxpayer dollars. Angel—a Freddie Mac and Fannie Mae preferred shareholder who expected to share in those future profits—claimed the bailout terms constituted a breach of contract, a breach of the implied covenant of good faith and fair dealing, and tortious interference. But because his claims were time barred, the Court granted the defendants' motion to dismiss under Rule 12(b)(6). *See* Mem. Op. 4-12, ECF No. 24.

Now Angel returns with two requests. First, he feigns ignorance as to whether the dismissal carried prejudicial effect and asks the Court to clarify that it dismissed without prejudice. Second, he seeks leave to amend his complaint. But the Court will grant neither.

First, the Court clearly—and correctly—dismissed Angel's complaint with prejudice. The Court's order was clear because even "a district court order that dismisses a case under Rule 12(b)(6) without stating whether it is with or without prejudice operates as a dismissal with prejudice." *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 132 (D.C. Cir. 2012) (Kavanaugh, J., concurring) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)). And the Court's order was correct because "dismissal on statute-of-limitations grounds" constitutes "a judgment on the merits," *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995), and judgments on the merits carry prejudicial effect. *See Rollins*, 703 F.3d at 131; *see also Semtek Int'l Inc.*, 531 U.S. at 505 ("[A]n 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice.'" (quoting Fed. R. Civ. P. 41)). So Angel's claim that "the Court clearly erred by dismissing [his case] with prejudice," Pl.'s Mem. 10, ECF No. 27-1, fails as a matter of law.

That's true even if Angel—an alumnus of Columbia Law School who practiced law for nearly six decades and boasts of writing "briefs, affidavits, motions, articles, and other arguments numbering in the many thousands," Compl. ex. A at 42, ECF No. 1—enjoys the leeway courts traditionally afford pro se litigants. *Cf. Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 235 (D.D.C. 2007) ("[B]ecause plaintiff is an attorney, and a knowledgeable one at that, this Court will not give her all the benefits of the liberal standards that are afforded to pro se litigants . . . .").[1] After all, statutes of limitations and finality rules apply to pro se and represented

---

[1] Other Courts of Appeals flatly deny traditional pro se "solicitude" to attorneys representing themselves, *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010), and the D.C. Circuit has suggested the same. *See Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194-95 (D.C. Cir. 1983) (Scalia, J.); *see also Cole v. C.I.R.*, 637 F.3d 767, 773 (7th Cir. 2011) ("We note that *pro se* litigants who are attorneys are not entitled to the flexible treatment granted other *pro se*

plaintiffs alike. *See Dougherty v. Barry*, 869 F.2d 605, 613 (D.C. Cir. 1989) (R. Ginsburg, J.) (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 (1984)) (statutes of limitation); *Dozier*, 702 F.2d at 1194-95 (Scalia, J.) (finality rules). So at bottom, the Court did not err by prejudicially dismissing Angel's complaint on statute-of-limitations grounds. Rather, prejudicial dismissal comported with controlling precedent.

Second, the Court will not grant leave to amend since Angel's proposed amended complaint "would [still] not survive a motion to dismiss." *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012). Trying to skirt the relevant statutes of limitations, Angel proposes amending his complaint to allege not only that FHFA breached the purported contract and implied covenant by entering into the agreement with Treasury, but also that they continued breaching the contract and implied covenant each quarter by failing to declare a dividend. *See* Pl.'s Mem. 8-10. But Angel tried that already: his original complaint alleged "the continuing violation doctrine . . . serves to extend the limitations periods" since "[d]efendants have engaged in the alleged wrongdoing in each quarter that they failed to determine a dividend to Junior Preferred Shareholders like plaintiff." Pl.'s Mem. Opp. 19, ECF No. 17; *see, e.g.*, Compl. ¶¶ 4, 62, 66, 68, 74, 79, 91, 93, 120. And the Court already rejected that argument, holding that— under the relevant state laws—the date of the agreement controls, not the quarterly dates damages actually accrue. *See* Mem. Op. 7-8. Yet Angel's present proposal merely spills more ink rehashing this theory. *See, e.g.*, Proposed 1st Am. Compl. ¶¶ 8–14, 30, 52, 59–60, ECF No. 27-2. It does nothing to undermine this Court's prior judgment that "Angel's attempts to segment out the defendants' alleged conduct are unpersuasive" since even though "each quarter the [FHFA–

---

litigants."); *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008) (holding it was "not an abuse of discretion to deny [practicing attorneys] special consideration on the basis of their *pro se* status"); *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007) ("While we generally construe pro se pleadings liberally, the same courtesy need not be extended to licensed attorneys." (citation omitted)).

Treasury Agreement] operates to deprive Mr. Angel of the possibility of a dividend," under the relevant state laws, "this is simply the continued ill effects of a single wrong." Mem. Op. 7. So simply put, Angel's proposed amendment is futile: even with the new allegations, his suit comes too late. And the Court need not grant leave for Angel to rearrange the Titanic's deck chairs. *See Hettinga*, 677 F.3d at 480.

In sum, because the Court correctly dismissed his claim with prejudice and because he proposes futile amendments, the Court **DENIES** Angel's motion to alter and amend the judgment, and for leave to amend the complaint [27].

May 24, 2019

_____
Royce C. Lamberth
United States District Judge